IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| MOHAMMAD HESAMZADEH, | § § § § | |
| Plaintiff, | | |
| v. | § § § | CIVIL ACTION NO. H-08-0442 |
| SCHENKER, INC., previously known as SCHENKER INTERNATIONAL, INC., previously known as SCHENKERS INTERNATIONAL FORWARDERS, INC., | § § § § § § | |
| Defendant. | § § | |

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff Mohammad Hasamzadeh's Motion to Remand [Doc. # 7]. Defendant Schenker, Inc. ("Schenker") has responded [Doc. # 8]. Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Plaintiff's Motion to Remand should be **denied**.

In 2005, Plaintiff and Defendant entered into a contract whereby Defendant agreed to ship Plaintiff's goods from Texas to Dubai. Due to Defendant's alleged failure to properly follow U.S. export regulations, the goods were seized by the U.S.

Government and subsequently destroyed.[1]     Plaintiff filed suit in state court, seeking $74,999.99 in damages and alleging breach of contract, negligence, fraud, negligent misrepresentation, and violations of Texas's Deceptive Trade Practices Act. Defendant timely removed the case to federal court, invoking the Court's federal question jurisdiction. Plaintiff filed the pending motion for remand, arguing that the Court lacks subject matter jurisdiction over his case.

Congress allows for removal of a case from state court to federal court when a plaintiff's complaint alleges a claim "arising under" federal law. 28 U.S.C. § 1441; *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 472 (1998). "To determine whether the claim arises under federal law, [the Court is directed to] examine the 'well pleaded' allegations of the complaint and ignore potential defenses; 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution.'" *Anderson*, 539 U.S. at 6 (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

Where a plaintiff alleges claims created by state law, a federal court may assert jurisdiction over the case where "(1) a federal right is an essential element of the state

---

[1]  Plaintiff alleges that the goods were seized while still in the United States. Defendant claims that the goods were seized in Luxembourg. *See* Defendant's Response to Plaintiff's Motion to Remand [Doc. # 8], ¶ 7. Both parties agree that the goods were seized due to problems with paperwork required for international shipments of goods by federal law.

claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) (footnote omitted); *see also In re Carter*, 618 F.2d 1093, 1100 (5th Cir. 1980) (quoting *Gully v. First Nat'l Bank in Meridian*, 229 U.S. 109, 112 (1936)) ("For a case to 'arise under' . . . federal law, a right or immunity created by [the law] 'must be an element, and an essential one, of the plaintiff's cause of action . . . . [That] right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.'"). "The party invoking the removal jurisdiction of federal courts bears the burden of establishing federal jurisdiction over the state court suit." *Frank v. Bear Stearns & Co.*, 128 F.3d 919 (5th Cir. 1997).

In this case, Plaintiff acknowledges that international treaties, specifically, the Warsaw Convention, govern international shipments of goods, but argues that his claim arises from alleged breaches of duties that occurred before the goods were seized and hence, before operation of international law. However, even if that is the case, the damages Plaintiff seeks are based on alleged losses that resulted when the goods were in possession of the Defendant-shipper and being shipped in accordance with federal export law and the Warsaw Convention. *See Carter*, 618 F.2d at 1101 ("[U]pon removal the removal court should inspect the complaint carefully to

determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law."). Thus, resolution of Plaintiff's claim will require interpretation of federal law and international treaties. "Cases arising out of international air transportation are governed by the Warsaw Convention and are within federal court original jurisdiction." *Luna v. Compagnie Panamena de Aviacion*, 851 F. Supp. 826, 829. (S.D. Tex. 1994).[2]

Accordingly, because Plaintiff's breach of contract case implicates federal export law and international treaties, this Court has subject matter jurisdiction over the claim. *See, e.g.*, *Potter v. Delta Air Lines, Inc.*, 98 F.3d 881, 883 n.4 (5th Cir. 1996) ("The Warsaw Convention is a treaty of the United States the interpretation of which is a federal question."). The Court also has supplemental jurisdiction over all remaining claims. *See* 28 U.S.C. § 1367. Therefore, it is hereby

---

[2]   *See also Banihashemrad v. Lufthansa Cargo AG*, 28 F. Supp. 2d 1014, 1017–18 (W.D. Tex. 1998) (finding that "agents of [a] carrier who act in the scope of carriage are 'carriers' for the purpose of the Warsaw Convention"). Plaintiff alleges that Defendant is a "freight forwarding company" hired by Plaintiff to "move Plaintiff's shipment of [goods] from the United States to Shahab Trading Co.[,] LLC" in Dubai. *See* Complaint [Doc. # 2], ¶ 9. It is not clear from Plaintiff's complaint whether Defendant is a carrier, an agent of a carrier, or otherwise related to a carriers. Defendant claims that its activities with regard to international air carriage subject it to the requirements of the Warsaw Convention. *See* Defendant's Response to Plaintiff's Motion to Remand [Doc. # 8], ¶ 13(c).

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 7] is **DENIED**.

**SIGNED** at Houston, Texas, this 8th day of **April**, **2008**.

_____
Nancy F. Atlas
United States District Judge